Prithibee S. GHOSE, Plaintiff,

v.

CENTURY 21, INC. and James Betesh, Defendants.

No. 97 Civ. 6161 (VM).

United States District Court, S.D. New York.

Aug. 18, 2000.

Anthony Chukwuka Ofodile, Anthony Ofodile, Brooklyn, NY, Roberto Campos–Marquetti, New York City, Michael R. Bressler, New York City, for Prithibee S. Ghose, plaintiff.

A. Robert Fischer, Jackson Lewis Schnitzler & Krupman, New York City, A. Robert Fischer, Jackson, Lewis, Schnitzler & Krupman, Stamford, CT, Patricia M. Canavan, Jackson Lewis Schnitzler & Krupman, Stamford, CT, for Century 21, Inc., defendant.

## DECISION & ORDER

MARRERO, District Judge.

Plaintiff Prithibee Ghose ("Ghose") brings this action alleging national origin and racial discrimination by defendants Century 21, Inc., a retail department store, and James Betesh ("Betesh"), an employee of the store (collectively, "Century 21"). Century 21 has moved for summary judgment on all claims set forth in the Third Amended Complaint, arguing, *inter alia*, that Ghose has not established a prima facie case of discrimination and that some of his claims are precluded because they were not filed with the Equal Employment Opportunity Commission ("EEOC"). For the reasons set forth below, the Court grants the motion in its entirety.

## FACTS

Century 21 employed Ghose as a security guard in the Loss Prevention Department of its Manhattan store starting in May 1991. In the spring of 1995, in response to an increased amount of theft, Century 21 transferred Betesh from its Brooklyn store to the Manhattan location to serve as Director of Loss Prevention. In January 1996, citing problems with his conduct and performance, Century 21 fired Ghose.

Ghose, who is of Bangladeshi origin, alleges four causes of action under the following statutes: (1) 42 U.S.C. § 1981 ("Section 1981"); (2) 42 U.S.C. § 2000e *et seq.* ("Title VII"); (3) New York State Human Rights Law (N.Y.Exec.Law § 290 *et seq.*); and (4) New York City Human Rights Law (New York City Administrative Code § 8–107). Ghose alleges that Century 21, through its employees, and

Betesh in particular, violated all four statutes by considering Ghose's national origin in connection with his compensation, promotion, discipline and discharge; making inappropriate and derogatory remarks about Ghose's accent and national origin; warning Ghose against associating with African–American employees; fostering a racially hostile work environment; retaliating against and harassing Ghose for registering complaints of discrimination; and failing to interview, hire or promote qualified minority workers for both management and subsidiary positions. *See* Compl. ¶ 18. Ghose seeks compensatory damages in the form of back pay, reinstatement, damages for emotional distress, punitive damages and attorney's fees. *See* Compl. ¶¶ 28, 32, 35.

## *DISCUSSION*

### I. *EEOC Preclusion*

█ Federal law requires timely filing of discrimination charges with the EEOC. *See* 42 U.S.C. § 2000e–5(b); *Tadros v. Coleman,* 898 F.2d 10, 11 (2d Cir.1990), *cert. denied,* 498 U.S. 869, 111 S.Ct. 186, 112 L.Ed.2d 149 (1990). In a state which has a fair employment agency, such as New York, charges must be filed with the EEOC within either 300 days of the alleged discrimination or 30 days of notice of termination of state proceedings, whichever occurs first. *See* 42 U.S.C. § 2000e–5(e)(1) (2000). A district court lacks jurisdiction over discrimination claims that are not included in the EEOC complaint. *See Wilson v. Fairchild Republic Co. Inc.,* 143 F.3d 733, 739 (2d Cir.1998).

█ The purpose of the notice provision is to encourage settlement. This objective would be undermined if new claims not presented to the EEOC were allowed to be litigated. *See Miller v. ITT Corp.,* 755 F.2d 20, 26 (2d Cir.1984), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). As a general rule, where a plaintiff fails to file a timely charge with the EEOC with respect to a specific claim of discrimi-

nation, that claim is barred from future litigation. *See Butts v. City of New York Dep't of Hous. Preservation & Dev.,* 990 F.2d 1397, 1401 (2d Cir.1993). There are, however, exceptions to this rule regarding untimely claims, for a court may consider claims absent from the EEOC charge if such claims are "reasonably related" to allegations actually set forth in the charge. *See Shah v. New York State Dep't of Civil Serv.,* 168 F.3d 610, 614 (2d Cir.1999); *Kirkland v. Buffalo Bd. of Educ.,* 622 F.2d 1066, 1068 (2d Cir.1980).

Three circumstances have been recognized satisfying the "reasonably related" requirement. The first, loose pleadings, encompasses claims in which the conduct complained of falls within the scope of the EEOC investigation that reasonably would be expected to ensue from the original charge of discrimination. *See Smith v. American President Lines, Ltd.,* 571 F.2d 102, 107, (2d Cir.1978). Because EEOC charges are usually filed without the advice of counsel and merely in order to alert the EEOC to the alleged discrimination, loose pleadings are generally accepted. *See Butts,* 990 F.2d at 1397.

Second, an employer's alleged retaliatory acts following the EEOC charge normally satisfy the reasonably related requirement. *See id.* at 1402; *Malarkey v. Texaco, Inc.,* 983 F.2d 1204, 1209 (2d Cir. 1993); *Owens v. New York City Hous. Auth.,* 934 F.2d 405, 410–11 (2d Cir.1991), *cert. denied,* 502 U.S. 964, 112 S.Ct. 431, 116 L.Ed.2d 451 (1991). Such claims of retaliation are excepted from the EEOC preclusion rule because in the typical case, employers are alleged to retaliate upon learning of the EEOC charge or investigation. The final common exception to the EEOC preclusion rule arises where subsequent discrimination of the same type alleged in the EEOC complaint occurs, and such further incidents transpire in "precisely the same manner" as established in the EEOC complaint. *See Butts,* 990 F.2d at 1403. This final exception protects a plaintiff from the inconvenience and bur-

den of having to file a separate EEOC complaint for additional instances of the same discriminatory behavior. *See id.*

Century 21 argues that Ghose's claims of discrimination based on his association with African–American co-workers, a hostile work environment and retaliation are precluded because these claims were not alleged in Ghose's original filing with the EEOC, which charged only racial and national origin discrimination. Ghose has not attempted to refute this argument in his opposition papers to the present motion.

Ghose's EEOC complaint, filed in January, 1996, describes in minor detail the circumstances surrounding Ghose's dismissal. It contains no references whatsoever to a hostile work environment, mistreatment for associating with African–American employees or retaliatory harassment. Furthermore, because all of Ghose's allegations occurred during his tenure at Century 21, and prior to filing with the EEOC, Ghose ostensibly could have included these charges in his EEOC complaint.

None of Ghose's three additional claims satisfies any of the recognized exceptions to the EEOC preclusion rule. The retaliatory act alleged was not Ghose's dismissal by Century 21, but rather "harassment" and "accusations" committed by Betesh prior to Ghose's EEOC filing. *See* Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment, dated Dec. 29, 1999 ("Plaintiff's Memo"), at 4. In this respect, Ghose's retaliation claim is atypical of the common instances of retaliation sustained by case law. The *Butts* court, in explaining the justification for the retaliation exception, stressed the perverse effect of requiring a plaintiff to file a second EEOC complaint to encompass retaliatory conduct that occurred as a result of the first charge. *See Butts,* 990 F.2d at 1402. But in this case, Ghose would not have had to file a second EEOC complaint because the retaliation he asserted in the case before this Court occurred prior to

Ghose's dismissal and subsequent EEOC filing.

▮▮▮▮ In addition, these additional claims do not satisfy the third exception to the preclusion rule because the specifics associated with each of the claims for hostile work environment, discrimination by discouraging association with African–American employees, and retaliation did not occur, as required by *Butts,* in "precisely the same manner" as Ghose's alleged termination by reason of race or national origin. *See id.* at 1403. Furthermore, these three claims could not reasonably have been expected to be contemplated within the scope of the EEOC investigation prompted by Ghose's original claim of wrongful termination. Ghose made no indication on the EEOC complaint that he had been discriminated against in any way other than being wrongfully terminated, referring only to his discharge and claims that he was fired on account of his national origin. Viewing Ghose's EEOC complaint in its most favorable light and drawing reasonable inferences in his favor, the absence of any mention of circumstances related to these three additional claims further evidences that such claims would not reasonably fall under the scope of an EEOC investigation in connection with the original claim for wrongful termination. Accordingly, Ghose may not litigate these causes of action before this Court.

## II. *Summary Judgment Standard*

A motion for summary judgment may be granted only if, upon review of the material submitted in support of and against the motion, the Court determines that there is no genuine issue of material fact to be tried, and the facts to which there is no triable issue warrant judgment for the moving party as a matter of law. *See* Fed.R.Civ.P. 56. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of demonstrating the absence of any issues of material fact. *See Adickes v. S.H. Kress & Co.,* 398 U.S.

144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In weighing the evidence to determine if any genuine issue of fact exists, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court cannot determine the merits or issues of fact, or assess the credibility of evidence on a motion for summary judgment; it can only ascertain whether there are disputed issues of material fact to be decided by the eventual trier of fact. *See Gallo v. Prudential Residential Serv. Ltd.,* 22 F.3d 1219, 1224 (2d. Cir.1994).

III. *Wrongful Termination Under Title VII*

Title VII provides:

It shall be an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e–2(a)(1). National origin, under Title VII, refers to the country where a person was born, or more broadly, the country from which a person's ancestors came. *See Espinoza v. Farah Mfg. Co., Inc.,* 414 U.S. 86, 94 S.Ct. 334, 38 L.Ed.2d 287 (1973).

This Court's consideration of Ghose's federal, state, and city claims for discrimination in violation of Title VII, and the related state and city claims may be consolidated into a single examination of the federal claim because consideration of the city and state claims parallels that of the federal claim. *See Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 565 (2d Cir.2000). In fact, it has been suggested that state law imposes a *stricter* standard with respect to imputing liability to an employer for alleged discrimination than does the applicable federal standard. *See Torres v. Pisa-*

*no,* 116 F.3d 625, 629 (2d Cir.1997). This Court, however, need not concern itself with the heightened standard of state law unless plaintiff here can first successfully establish a prima facie case under federal law.

■ To survive a motion for summary judgment on a claim under Title VII, a plaintiff must establish a prima face case of discrimination. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Song v. Ives Labs., Inc.,* 957 F.2d 1041, 1045 (2d Cir.1992). In order to establish a prima facie case of discrimination in violation of Title VII, a plaintiff who claims to have been discharged for discriminatory reasons must show that (1) he belongs to a protected class; (2) he was qualified for the job from which he was fired; (3) he was fired; and (4) the discharge occurred under circumstances giving rise to an inference of discrimination. *See Chambers v. TRM Copy Centers Corp.,* 43 F.3d 29, 37 (2d. Cir. 1994). *See also Burdine,* 450 U.S. at 253, 101 S.Ct. 1089.

If a plaintiff successfully establishes a prima facie case of discrimination, then it becomes defendant's burden to proffer, through sufficient admissible evidence, a legitimate, nondiscriminatory reason for the employee's dismissal. *See St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (quoting *Burdine,* 450 U.S. at 255, 101 S.Ct. 1089). Upon such a showing by defendant, plaintiff then must demonstrate through admissible evidence that the employer's justification for dismissal was pretextual. *See Fisher v. Vassar College,* 114 F.3d 1332, 1339 (2d Cir.1997); *Cronin,* 46 F.3d at 204. Because such evidence must be sufficient to permit a rational fact finder to infer that the adverse employment decision was, more likely than not, motivated by discriminatory animus, evidence barely sufficient to establish a prima facie

case may not be sufficient to establish discrimination after a defendant has offered a neutral rationale. *See Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir.1997).

█ In the case at hand, there is no dispute that Ghose satisfies the first three elements of prima facie case of national origin discrimination. Ghose is a member of a protected class. He was qualified for the position (evident in that retained his employment for nearly five years) and was dismissed. The outstanding issue is whether Ghose was fired under circumstances giving rise to an inference of discrimination. This Court finds that Ghose has failed to established this requisite.

In opposition to the motion, Ghose asserts that he has "clearly established" a prima facie case, yet offers little evidence to support such a claim. *See* Plaintiff's Memo at 8. Ghose alleges that Century 21 discriminated against minorities in its ordinary employment decisions—including hiring, firing and promotion—an accusation that, if corroborated, might create circumstances from which discrimination could be inferred. Ghose further points to the fact Betesh terminated two African–American managers from the Century 21 store in Brooklyn.

Ghose, however, introduces no statistical evidence indicating that Century 21 systematically discriminated against minorities, and the record developed here supports the contrary. According to Century 21's rebuttal evidence, during Betesh's tenure as Director of Loss Prevention, seven out of seventeen employees hired at Century 21's Manhattan store were members of minorities, as were six out of fourteen security guards hired. *See* Affidavit of James Betesh, sworn to July 26, 1999 ("Betesh Aff."), ¶ 8. Moreover, Century 21 justifies its dismissals of these two employees with evidence of poor job performance evaluations, coupled with oral and written warnings that were given to them prior to their dismissal. *See* Defendants' Statement of Material Facts, dated July 23, 1999 ("Statement"), Ex. 2 at 81–82, 85–86, 97–98. Furthermore, a Hispanic manager was hired to fill one of these positions. *See* Betesh Aff., ¶ 8.

█ Ghose further relies on the allegation that his supervisor, William Seeger, insulted his nationality by making fun of his accent, supposedly evidenced in that Seeger would ask Ghose to repeat himself. *See* Compl. ¶ 18(b); Plaintiff's Counterstatement of Material Facts, dated July 28, 1999 ("Counterstatement"), Ex. 1 at 160. Ghose points to an instance in which Seeger even asked him to repeat himself while Ghose was informing Seeger of an altercation between a customer and security guards. *See* Counterstatement, Ex. 1 at 160. This evidence, however, suggests nothing more than Seeger's difficulty understanding Ghose. Although it is not the Court's task to weigh or assess the credibility of the evidence submitted, summary judgment cannot be defeated by either a "scintilla of evidence" or through mere speculation; a trier of fact must be able to find for the non-movant. *See Cronin*, 46 F.3d at 206 (mere speculation); *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505 (scintilla of evidence). Therefore, because the evidence submitted by Ghose alleging that Century 21's managers insulted his accent is wholly speculative, Ghose has not sufficiently depicted circumstances giving rise to an inference of discrimination. *Cf. Rivera v. Baccarat, Inc.*, 10 F.Supp.2d 318 (S.D.N.Y.1998) (testimony establishing that employer's president unequivocally said that he did not like plaintiff-employee's accent during a meeting in which plaintiff was being evaluated found sufficient to establish a prima facie claim of national origin discrimination).

In addition, Ghose contends that summary judgment is inappropriate because there are material issues of fact with respect to whether or not he was required to work extended hours during the holiday season; whether Century 21 notified him of the extended schedule; and whether his performance, aside from his refusal to

work holidays, was inferior to others. *See* Plaintiff's Memo at 5–6. Viewing these discrepancies in a light most favorable to plaintiff, as the Court is obliged to do upon considering a motion for summary judgment, Ghose is still unable to establish a prima facie case of discrimination on account of national origin. Even if Ghose could establish a prima facie case of discrimination, Century 21 has proffered uncontroverted evidence of and a legitimate, nondiscriminatory reason for Ghose's dismissal in that Ghose was often late to work, tardy returning from breaks, exhibited a poor attitude and talked back to his superiors. *See* Statement, Ex. 2 at 169, 199, 213; Ex. 4 at 30, 43; Ex. 5 at 16, 22, 23–4, 31.

■ If Ghose were able to establish circumstances from which discrimination could be inferred on the evidence he has presented, he could not demonstrate that Century 21's reason for Ghose's dismissal was pretextual. *See James v. Runyon,* 843 F.Supp. 816 (N.D.N.Y.1994). To establish a prima facie case for a disparate treatment claim under Title VII requires that plaintiff was both qualified for the job and satisfied his employer's normal requirements in his work. *See Carter v. AT & T Communications,* 759 F.Supp. 155 (S.D.N.Y.1991). Ghose's tardiness and unsatisfactory attitude, as documented by evidence Ghose has not sufficiently refuted, may reasonably sustain a determination that Ghose was no longer fulfilling normal employment requirements, thereby further supporting his failure to establish a prima facie case of discrimination.

While acknowledging that a district court should hesitate in granting summary judgment where an employer's intent is at issue, on the record here adduced, this Court finds no sufficient evidence of circumstances from which a discriminatory motive could be inferred by the decision to terminate Ghose's employment. Ghose has failed to produce any evidence from which a rational fact finder could conclude that either his Century 21 supervisors or any other employee at Century 21 harbored any hostility towards Ghose on account of his national origin, let alone animus of a magnitude that would impel his being discharged. *See Chambers,* 43 F.3d at 35. Ghose also alleges that Century 21 mistreated him with the specific purpose of causing him to resign. *See* Compl. ¶¶ 23, 24. But, beyond his conclusory assertions, Ghose presents no evidence to support this speculative accusation.

■ Furthermore, Ghose has not presented any evidence indicating the existence of more extensive, systemic hostile treatment towards any protected class. Although Ghose contends that Betesh told him not to associate with African–American employees, Ghose admits that Betesh, while orally reprimanding him for socializing while on duty, asked him not to talk to "them," referring to the two African–American co-workers with whom Ghose was conversing.[1] *See* Statement, Ex. 2 at 141–42. Ghose simply interpreted Betesh's reprimand to refer to African–Americans in general (*see id.* at 142), and such speculation does not suffice to establish circumstances from which a rational trier of fact could infer a discriminatory motive directed at Ghose sufficient to cause his dismissal. *See Cronin,* 46 F.3d at 206.

The Court concludes that outstanding questions of fact, if any, resulting from discrepancies between Ghose's and Century 21's account of the facts here are not material because, even in viewing these issues of fact most favorably to Ghose, he has not established a prima face case of discrimination. Accordingly, summary judgment is appropriate. *See Chambers,* 43 F.3d at 35.

## IV. *Section 1981*

Section 1981 prohibits discrimination on the basis of race in the making and en-

---

1. Ghose seemingly gives conflicting testimony as to the language Betesh used during this oral reprimand. Initially, Ghose testified that Betesh used the word "blacks" (Statement, Ex. 1 at 140), but he later stated that Betesh used the word "them." *See id.* at 141–42.

forcement of contracts. *See* 42 U.S.C. § 1981(a). This section, however, does not prohibit discrimination based on national origin. *See Saint Francis College v. Al–Khazraji,* 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987); *Anderson v. Conboy,* 156 F.3d 167, 170 (2d Cir.1998). Accordingly, defendants' motion as to Ghose's claims under section 1981 must be granted.

### CONCLUSION AND ORDER

Ghose has not met his burden to demonstrate circumstances that give rise to an inference of national origin discrimination and therefore cannot establish a prima facie case of discrimination. Given this finding, the Court need not address the merits of Ghose's state or city claims. In addition, 42 U.S.C. § 2000e–5(b) bars Ghose from bringing other causes of action not included in his original EEOC complaint. Accordingly, it is hereby

**ORDERED** that defendants' motion of summary judgment is granted in its entirety; and it is further

**ORDERED** that the Clerk shall close this case.