**Prithibee S. GHOSE, Plaintiff–Appellant,**

v.

**CENTURY 21, INC. and James Betesh, Defendants–Appellees.**

**Docket No. 00–9165.**

United States Court of Appeals, Second Circuit.

June 14, 2001.

Anthony C. Ofodile, Brooklyn, NY, for appellant.

A. Robert Fischer, Jackson, Lewis, Schnitzler & Krupman, Stamford, CT, for appellees.

Present CARDAMONE, PARKER, Circuit Judges, and MURTHA, District Judge.*

### SUMMARY ORDER

Plaintiff Prithibee S. Ghose appeals the judgment entered on August 23, 2000 in the United States District Court for the Southern District of New York (Marrero, J.), granting summary judgment to defendants Century 21, Inc. and James Betesh on his claims of national origin discrimination. We affirm largely for the reasons set forth in Judge Marrero's thoughtful opinion. *Ghose v. Century 21, Inc.*, 108 F.Supp.2d 373, 375–80 (S.D.N.Y.2000).

---

* Honorable J. Garvan Murtha, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

Ghose was employed as a security guard by Century 21 at its retail store in Manhattan from May 1991 until his discharge in January 1996. Betesh was Ghose's supervisor starting in May 1995. Ghose, who is Bangladeshi, alleges Betesh and Century 21 discriminated against him on the basis of national origin during the course of his employment and in the decision to fire him. He asserts claims pursuant to Title VII, 42 U.S.C. § 1981, and the New York State and New York City Human Rights Laws.

On appeal, we review a grant of summary judgment *de novo,* viewing the record in the light most favorable to the nonmoving party, and affirming only if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Graham v. Long Island R.R.,* 230 F.3d 34, 38 (2d Cir.2000).

■ Ghose's initial complaint with the EEOC described the circumstances of his dismissal, but omitted any allegation that he (a) was penalized for associating with African Americans; (b) faced a hostile work environment; or (c) suffered retaliation for complaints he made to supervisors. These latter allegations are not "reasonably related" to his allegation of discriminatory termination and are therefore precluded. *Butts v. City of New York Dep't of Hous. Pres. & Dev.,* 990 F.2d 1397, 1401–03 (2d Cir.1993). Ghose contends the district court should have held a hearing to determine whether he was unfairly prevented from raising these allegations in his EEOC complaint. But Ghose failed to make this argument against preclusion below, *Ghose,* 108 F.Supp.2d at 375, and he may not do so for the first time on appeal, *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Greene v. United States,* 13 F.3d 577, 586 (2d Cir.1994).

Under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a Title VII plaintiff must first establish a *prima facie* case of discrimination; the defendant must then offer a legitimate, nondiscriminatory rationale for its actions; and the plaintiff is then required to show the defendant's stated reason is mere pretext for discrimination. The final burden remains on the plaintiff to persuade the trier of fact by a preponderance of the evidence that the defendant intentionally discriminated against the plaintiff. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

■ To make out a *prima facie* case of discrimination based on national origin, a plaintiff must show (1) membership in the protected class, (2) qualification for the job in question, (3) an adverse employment action and (4) circumstances that give rise to an inference of discrimination. *McDonnell Douglas Corp.,* 411 U.S. at 802. The district court ruled that Ghose failed to show the fourth element and thus did not make out a *prima facie* case. *Ghose,* 108 F.Supp.2d at 378.

Ghose points to a number of portions of the record that, he contends, support an inference of discriminatory intent. He asserts he was mistreated because of his accent, but the evidence on which he relies indicates only that his coworkers and supervisors asked him to repeat himself because they could not understand him. He argues Betesh penalized him for associating with African–Americans, but again, this evidence only shows that Betesh reprimanded Ghose for socializing on the job.

Ghose also points to discriminatory remarks he claims were made when he requested promotions, but the bulk of these alleged remarks were made in 1992 and

1993 and are therefore too remote to support an inference of discrimination. Although he claims he was unfairly denied consideration for promotions during Betesh's tenure, he admitted he was unfamiliar with the background of the persons who were promoted instead. Perhaps most troubling is the allegation that Betesh told him, "If this is me, I would have sent your ass back to Bangladesh," but this remark was made in the context of reprimanding Ghose for the extended leave of absence he had taken to travel to Bangladesh.

Finally, Ghose's testimony that only white workers were allowed to wash their hands after performing patdowns and before leaving for lunch, as well as the evidence that most hirings were of whites and most firings were of minorities under Betesh's tenure, are insufficient to support an inference of discrimination in the absence of any evidence pointing specifically to Ghose's own termination.

Accordingly, we agree with the district court that Ghose failed to present sufficient evidence to support an inference of illegal discriminatory motive as part of his *prima facie* case. Ghose's conclusory allegations of discrimination are insufficient to defeat defendants' motion for summary judgment. *Schwapp v. Town of Avon,* 118 F.3d 106, 110 (2d Cir.1997).

■ Century 21 presented ample rebuttal evidence, consisting of the testimony of supervisors to the effect that Ghose was fired for neutral reasons: (a) that he failed to work the hours requested or to show up for work in timely fashion, and (b) that when questioned about these failures he showed poor attitude. Century 21 also produced evidence that substantial numbers of minorities were hired during Betesh's tenure and that those who were fired had received poor job evaluations as well as prior warnings.

Even viewing the record evidence in the light most favorable to Ghose, it establishes at most that Century 21 and Ghose had misunderstandings as to the company's overtime policy. Ghose concedes he refused to work overtime on two occasions in December 1995, once to stay home with his wife, and once to attend a holiday party with his wife. He also concedes that he was given advance warning about arriving late for work. In light of these concessions, Ghose simply cannot show that Century 21's stated reasons for firing him were pretext.

We agree with the district court that 42 U.S.C. § 1981 does not prohibit discrimination on the basis of national origin. *Saint Francis Coll. v. Al–Khazraji,* 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). Ghose urges that preclusion of the Title VII allegations not included in his EEOC complaint should not extend to preclude his parallel allegations under the New York State and New York City Human Rights Laws. But the above analysis of Ghose's federal Title VII claim disposes of his parallel New York State and New York City claims. *Cruz v. Coach Stores,* 202 F.3d 560, 565 n. 1 (2d Cir.2000). Moreover, plaintiff failed to raise these arguments against preclusion below, *Ghose,* 108 F.Supp.2d at 375, and may not do so for the first time on appeal, *Singleton,* 428 U.S. at 120; *Greene,* 13 F.3d at 586.

We have considered all of Ghose's other arguments and found them to be without merit.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.