■ KENNETH WECKER, Appellant, v CITY OF NEW YORK et al., Respondents. [20 NYS3d 364]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered May 22, 2014, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The record belies plaintiff's claim that defendants failed to reasonably accommodate his medical disabilities (*see* Adminis-

trative Code of City of NY § 8-107 [4] [a]; [15] [a]). The evidence shows that defendant Department of Homeless Services (DHS), and one of its outreach programs in Staten Island, initially offered plaintiff numerous options for transitional housing with elevators which would have accommodated his disability of neuropathy, but which plaintiff refused because they could not accommodate his pet birds. Defendants also demonstrated that other options sought by plaintiff would cause them undue hardship, as the hotel in which plaintiff initially insisted on trying to remain at cost well above DHS's allotted hotel/motel budget (*see* Administrative Code § 8-102 [18]).

Following plaintiff's move to Brooklyn, DHS had another outreach program assist him, and plaintiff again refused the housing options offered to him. While he argues that he rejected those options because he needed to be in an elevator building close to his doctors, and needed a private room to recover from his chemotherapy, he did not elaborate on the frequency, duration, or side effects of such treatment to support this conclusory assertion. Moreover, that outreach program ultimately procured rental vouchers, found him suitable housing, and helped him move.

Defendants also submitted evidence, through a phone log and deposition testimony of the relevant outreach team members and DHS staff, showing that they engaged in a good faith interactive process with plaintiff that assessed his needs and the reasonableness of his accommodation requests, and their discussions were ongoing (*see Phillips v City of New York*, 66 AD3d 170, 176 [1st Dept 2009]; *see also Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 838 [2014]).

To the extent that plaintiff argues that defendants discriminated against him on account of his race, religion, marital status and disability, his claim is largely based on the same allegations as his claim that defendants failed to reasonably accommodate him. For the previously stated reasons, plaintiff did not establish that he was denied or rejected services or housing, and thus never established a prima facie case of discrimination, nor any "mixed motive" for denial of services or housing (*see McDonnell Douglas Corp. v Green*, 411 US 792, 802 [1973]; *Melman v Montefiore Med. Ctr.*, 98 AD3d 107, 113 [1st Dept 2012]; *Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 45 [1st Dept 2011], *lv denied* 18 NY3d 811 [2012]). The few comments plaintiff claims a DHS worker made regarding his disability and race do not establish discriminatory intent, as stray derogatory remarks, without more, do not constitute evidence of discrimination (*see Fruchtman v City of New York*,

129 AD3d 500, 501 [1st Dept 2015]). Concur—Tom, J.P., Friedman, Saxe and Gische, JJ.