Kwong v City of New York (2022 NY Slip Op 02342)

Kwong v City of New York

2022 NY Slip Op 02342

Decided on April 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 07, 2022

Before: Gische, J.P., Mazzarelli, Friedman, González, Mendez, JJ. 

Index No. 152932/13 Appeal No. 15574 Case No. 2021-00645 

[*1]Kinwing (Ricky) Kwong, Plaintiff-Respondent,
v
The City of New York et al., Defendants-Appellants, David Frankel etc., Defendant.

Georgia M. Pestana, Corporation Counsel, New York (Diana Lawless of counsel), for appellants.
Cronin & Byczek, LLP, Larchmont (Linda M. Cronin of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered December 16, 2020, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the discrimination, retaliation, and hostile work environment claims based on race or national origin under the New York State and City Human Rights Laws as against the City, Elaine Kloss, and Linda Gerwin, unanimously modified, on the law, to grant the motion as to all claims against defendant Gerwin and as to the discrimination and retaliation claims against the City and Kloss, and otherwise affirmed, without costs.
We find, as an initial matter, that the only potentially actionable discriminatory or retaliatory conduct was plaintiff's demotion. Contrary to plaintiff's contention, the "unfounded" complaints about him to the Department of Finance's Office of Equal Employment Opportunity (EEO) and the January 13, 2012 disciplinary letter do not qualify. The EEO investigation did not result in any change to the terms of plaintiff's employment, let alone a materially adverse change, as required under the New York State Human Rights Law (Executive Law § 296) (the State HRL), and did not otherwise "disadvantage[]" him, as required under the New York City Human Rights Law (Administrative Code of City of NY § 8-107) (the City HRL) (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 306 [2004]; Sims v Trustees of Columbia Univ. in the City of N.Y., 168 AD3d 622, 623 [1st Dept 2019]). The disciplinary letter, without more, is not enough to constitute actionable discriminatory or retaliatory conduct (see id.; Mejia v Roosevelt Is. Med. Assoc., 95 AD3d 570, 572 [1st Dept 2012], lv dismissed 20 NY3d 1045 [2013]).
The discrimination claims should not have been allowed to proceed. Defendants proffered evidence supporting several legitimate reasons for demoting him from his provisional managerial position, including (1) an agency-wide restructuring, (2) plaintiff's lack of accounting and management skills, and (3) evidence that he was a poor manager whose routinely hostile demeanor demoralized his subordinates, as evidenced by complaints made against him by several of those subordinates (see Matter of Khan v New York City Health & Hosps. Corp., 144 AD3d 600, 601 [1st Dept 2016], lv denied 29 NY3d 905 [2017]; Melman v Montefiore Med. Ctr., 98 AD3d 107, 121 [1st Dept 2012]). In the face of this evidence, plaintiff failed to come forward with any evidence raising an issue of fact as to whether these reasons were mere pretext for discrimination (under the State HRL) or whether discrimination was one of the motivating factors for the demotion (under the City HRL) (see generally Harrington v City of NY, 157 AD3d 582, 584 [1st Dept 2018]; Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 514 [1st Dept 2016], lv denied 28 NY3d 902 [2016]).[FN1] Plaintiff presented no evidence of any disparity between defendants' treatment of him and defendants' treatment of employees [*2]of other races or ethnicities under similar circumstances. While plaintiff's allegations of remarks that could be interpreted as derogatory or indicative of animus suffice to support the hostile work environment claim, as more fully discussed below, plaintiff fails to identify any evidence connecting such animus, if any, to the decision to demote him (see Wecker v City of New York, 134 AD3d 474, 475 [1st Dept 2015] ["stray derogatory remarks, without more, do not constitute evidence of discrimination"]).[FN2] Plaintiff's past receipt of otherwise favorable performance reviews was not alone sufficient to preclude summary judgment (see Schwaller v Squire Sanders & Dempsey, 249 AD2d 195, 197 [1st Dept 1998]). That plaintiff's subordinates submitted most of their complaints about him shortly before the demotion does not, by itself, raise an inference that the complaints had been orchestrated by his superiors as a pretext for the demotion, much less that the true reason for the demotion was discriminatory. In fact, the proximity in time between the complaints and the demotion explains why there was a demotion. Nor is it relevant that one complaining employee admitted to having fabricated one aspect of his story (that one conversation between plaintiff and the employee had been recorded), since the employee never retracted his complaints about plaintiff's unprofessional conduct.
The hostile work environment claims were correctly allowed to proceed. Although most of the incidents of which plaintiff complains were relatively minor, at least the repeated mocking of plaintiff's accent and pretending not to understand him, if true, could affect his ability to do his job and create an abusive working environment (see generally Forrest, 3 NY3d at 310; Chin v New York City Hous. Auth., 106 AD3d 443, 444-445 [1st Dept 2013], lv denied 22 NY3d 861 [2014]). This is not a case, like the ones on which defendants rely, in which plaintiff claims only that Kloss had difficulty understanding him (see Ghose v Century 21, Inc., 12 Fed Appx 52, 54 [2d Cir 2001]; Masaru Tomizawa v ADT LLC, 2015 US Dist LEXIS 133649, *35 [ED NY July 17, 2015, No. 13-CV-06366 (MKB/LB)], report and recommendation adopted by 2015 WL 57722106, 2015 US Dist LEXIS 132182 [ED NY Sep. 29, 2015]; Watt v New York Botanical Garden, 2000 WL 193626, *7 and n 6, 2000 US Dist LEXIS 1611, *22 and n 6 [SD NY Feb. 16, 2000]; see also Jeudy v City of New York, 142 AD3d 821, 823 [1st Dept 2016] ["disparate treatment on the basis of a foreign accent is evidence of discrimination based on race or national origin"]).
The retaliation claims must be dismissed for failure to show that plaintiff engaged in any protected activity (see generally Executive Law § 296[7]; Administrative Code § 8-107[7]; Franco v Hyatt Corp., 189 AD3d 569, 571 [1st Dept 2020]). The only complaint plaintiff testified to making was an oral complaint about an incident involving a coworker. However, this complaint does not constitute a protected [*3]activity, because there is no evidence that the coworker's conduct was motivated by plaintiff's race or national origin (see Adeniran v State of New York, 106 AD3d 844, 845 [2d Dept 2013]). The record reflects that plaintiff's attorney communicated with the Department of Finance's EEO officer on January 12, 2012, but it does not indicate whether the attorney ever actually relayed any complaints of discrimination (see Miller v National Prop. Mgt. Assoc., Inc., 191 AD3d 1341, 1342 [4th Dept 2021]). Plaintiff's attorney's own assertions about complaints made by plaintiff to Kloss are without probative value (see Johnson v Phillips, 261 AD2d 269, 270 [1st Dept 1999]).
The claims against defendant Linda Gerwin must also be dismissed. The State HRL prohibits discriminatory conduct by "employer[s]" only, not individual employees (Executive Law § 296[1]; see Doe v Bloomberg L.P., 36 NY3d 450, 456-459 [2021]). While the City HRL makes it unlawful for "an employer or an employee or agent thereof" to discriminate (Administrative Code § 8-107[1][a]; see Doe, 36 NY3d at 454, 459), the employee must have acted "with or on behalf of the employer in hiring, firing, paying, or in administering the 'terms, conditions or privileges of employment' — in other words, in some agency or supervisory capacity" (Priore v New York Yankees, 307 AD2d 67, 74 [1st Dept 2003], lv denied 1 NY3d 504 [2003]). Plaintiff admitted that Gerwin did not supervise him, as previously noted. Although the State and City HRL make it unlawful for "any person" to retaliate because of a protected activity (see Executive Law § 296[7]; Administrative Code § 8-107[7]), the retaliation alleged by plaintiff occurred after Gerwin had already left plaintiff's department. Plaintiff's aiding
and abetting theory was improperly raised for the first time on appeal (see Davila v City of New York, 95 AD3d 560, 561 [1st Dept 2012]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: April 7, 2022

Footnotes

Footnote 1: We note that, because plaintiff's claims under the State HRL accrued before the enactment of Executive Law § 300, the standard for the discrimination claim under the State HRL differs from the standard for the discrimination claim under the City HRL. Under either standard, however, the discrimination claim cannot, on this record, survive defendants' summary judgment motion.

Footnote 2: In this regard, it is significant that plaintiff attributes most of the potentially objectionable comments to defendant Gerwin, who, as plaintiff admits, had no supervisory authority over him. As more fully discussed below, the complaint is being dismissed as against defendant Gerwin.