Lum v Consolidated Edison Co. of N.Y., Inc. (2022 NY Slip Op 05594)

Lum v Consolidated Edison Co. of N.Y., Inc.

2022 NY Slip Op 05594

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Renwick, J.P., Oing, González, Mendez, Shulman, JJ. 

Index No. 160027/20 Appeal No. 16358 Case No. 2022-00725 

[*1]Henry Lum, Plaintiff-Appellant,
v
Consolidated Edison Company of New York, Inc., Defendant-Respondent, Clarity Testing Services Inc., Defendant.

Sekendiz Law Group P.C., New York (Ismail S. Sekendiz of counsel), for appellant.
Consolidated Edison Company of NY, Inc., Law Department, New York (Adam J. Smiley of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered November 17, 2021, which, to the extent appealed from as limited by the briefs, granted defendant Consolidated Edison Company of New York Inc.'s motion to dismiss plaintiff's claims for national origin discrimination, sexual harassment, and retaliation under New York State Human Rights Law (State HRL) and New York City Human Rights Law (City HRL), unanimously modified, on the law, to reinstate plaintiff's claims for national origin discrimination under the State and City HRLs and for sexual harassment under the City HRL, and otherwise affirmed, without costs.
Plaintiff's allegations, that several times a week over a period of at least two years, plaintiff's coworker spoke to him in a mock Chinese accent, told plaintiff to "open your eyes," and tormented him about his mandatory drug testing in a sexually and racially charged manner, are sufficient to state a hostile work environment claim based on national origin discrimination under both the State and City HRLs (see Kwong v City of New York, 204 AD3d 442, 445 [1st Dept 2022]; Sims v Trustees of Columbia Univ. in the City of N.Y., 168 AD3d 622, 623 [1st Dept 2019]).
As to plaintiff's sexual harassment claim, the allegations that his coworker regularly made statements about plaintiff's penis size when plaintiff took bathroom breaks or reported for drug testing "fall within the broad range of conduct that falls between 'severe and pervasive' on the one hand and a 'petty slight or trivial inconvenience' on the other," such that they are sufficient under the City HRL but not under the State HRL (Hernandez v Kaisman, 103 AD3d 106, 114-115 [1st Dept 2012] [internal quotation marks omitted]). The continuing violation doctrine does not apply to the isolated statements made outside the limitations period because they do not form part of "a single continuing pattern of unlawful conduct extending into the [limitations] period . . . , but rather discrete events, involving different actors, occurring months to years apart" (Campbell v New York City Dept. of Educ., 200 AD3d 488, 489 [1st Dept 2021] [internal quotation marks omitted]).
Plaintiff's retaliation claim was properly dismissed because his vague allegation that he complained about discriminatory conduct on several occasions, including in "late 2019," lacks any factual context that might support an inference of a causal connection to his January 2020 termination, particularly in light of the allegations specifically tying plaintiff's termination to the positive results of his November 2019 drug test. Absent any details about the conduct complained of, to whom the complaint was made, or precisely when it was made, the complaint fails to state a claim for retaliation (see Whitfield-Ortiz v Department of Educ. of City of N.Y., 116 AD3d 580, 581 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED[*2]: October 6, 2022