Eustache v Board of Educ. of the City Sch. Dist. of the City of N.Y. (2024 NY Slip Op 03228)

Eustache v Board of Educ. of the City Sch. Dist. of the City of N.Y.

2024 NY Slip Op 03228

Decided on June 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2024

Before: Singh, J.P., Moulton, Kapnick, Shulman, Rosado, JJ. 

Index No. 153619/19 Appeal No. 998 Case No. 2022-01128 

[*1]Jeffrey Eustache, Plaintiff-Appellant,
v
Board of Education of the City School District of the City of New York Also Known as The New York City Department of Education, et al., Defendants-Respondents.

Goddard Law PLLC, New York (Megan S. Goddard of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Josh Liebman of counsel), for The New York City Department of Education, respondent.
The Law Offices of Cory H. Morris, Central Islip (Cory H. Morris of counsel), for Sharon Lafia, respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered September 17, 2021, which, to the extent appealed from as limited by the briefs, granted defendant Board of Education of the City School District of the City of New York a/k/a The New York City Department of Education's (DOE) motion to dismiss to the extent of dismissing plaintiff's claims for vicarious liability for race discrimination and direct liability for race and gender discrimination, and granted defendant Sharon LaFia's motion to dismiss, unanimously modified, on the law, to deny DOE's motion to dismiss, and otherwise affirmed to the extent of dismissing plaintiff's claims for direct liability for race and gender discrimination against defendant Sharon LaFia, without costs.
Applying the lenient notice-pleading standard afforded to discrimination claims (Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009]), plaintiff alleged that he was subjected to race discrimination under the New York State Human Rights Law (State HRL) (Executive Law § 296) and New York City Human Rights Law (Administrative Code of City of NY § 8-107). Plaintiff alleged that defendant LaFia texted him inappropriate messages on multiple occasions, including by explicitly propositioning him to engage with her sexually and by making unwanted physical contact with him (see e.g. Crookendale v New York City Health & Hosps. Corp., 175 AD3d 1132 [1st Dept 2019]; see also La Porta v Alacra, Inc., 142 AD3d 851, 852 [1st Dept 2016]). LaFia's alleged comments about plaintiff's race, in the context of her sexual harassment, signaled her discriminatory views on race in the workplace (Hernandez v Kaisman, 103 AD3d 106, 114-115 [1st Dept 2012]). Moreover, the complaint sufficiently alleges facts that impute liability on DOE for failing to take immediate and appropriate corrective action after being notified of LaFia's conduct (see Administrative Code § 8-107[13][b]; see Doe v Bloomberg, L.P., 36 NY3d 450, 454-455 [2021]). Plaintiff also sufficiently alleges that, due to his race and/or gender, his sexual harassment complaint was not taken seriously or appropriately investigated by DOE and he was disciplined more harshly than other employees (see Petit v Department of Educ. of City of N.Y., 177 AD3d 402, 403 [1st Dept 2019]).
The race and gender discrimination claims against LaFia, however, were properly dismissed as plaintiff failed to sufficiently allege that she had any authority over the terms, conditions, or privileges of his employment (Kwong v City of New York, 204 AD3d 442, 446 [1st Dept 2022], lv dismissed 38 NY3d 1174 [2022]). The complaint alleges, among other things, that plaintiff took his students to several classrooms during the school day, including LaFia's, and that the school principal and assistant principals took disciplinary actions against him and set his schedule (see Melendez v New York City Tr. Auth., 204 AD3d 542 [1st Dept 2022]). Even crediting plaintiff's allegation that [*2]LaFia, rather than a student, reported his alleged viewing of inappropriate images in the classroom which led to his suspension, merely reporting such behavior is insufficient to show managerial or supervisory authority.
The Decision and Order of this Court entered herein on November 14, 2023 is hereby recalled and vacated (see M-1185 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2024