De Vito v Yeh (2024 NY Slip Op 04739)

De Vito v Yeh

2024 NY Slip Op 04739

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Index No. 152393/23 Appeal No. 2660 Case No. 2023-05336 

[*1]Jenna De Vito, Plaintiff-Appellant,
v
Jimmy Yeh, Defendant-Respondent.

Milman Labuda Law Group PLLC, Lake Success (Kyle F. Monaghan of counsel), for appellant.
Proskauer Rose LLP, New York (Melissa A. Overbeck of counsel), for respondent.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about October 6, 2023, which granted defendant's motion to dismiss the complaint, imposed $750 sanctions on plaintiff's counsel, and ordered plaintiff to reimburse defendant's reasonable attorney's fees and costs, unanimously modified, on the facts and in the exercise of discretion, to vacate the imposition of sanctions against plaintiff and her counsel, and otherwise affirmed, without costs.
Plaintiff fails to state a cause of action either for disadvantageous action under the New York State Human Rights Law or for retaliation under the New York City Human Rights Law. The allegations that defendant, plaintiff's supervisor, ignored plaintiff several times while she was working at a Dolce & Gabbana location in front of unnamed "decision makers" do not constitute disadvantageous or retaliatory conduct for the purposes of the State or City Human Rights Laws (see Kwong v City of New York, 204 AD3d 442, 443 [1st Dept 2022], lv dismissed 38 NY3d 1174 [2022]). Moreover, plaintiff fails to state a cause of action for tortious interference with prospective economic advantage because defendant's alleged conduct of ignoring plaintiff did not "amount[] to a crime or independent tort" (Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 47 [1st Dept 2009], lv dismissed in part, denied in part 14 NY3d 736 [2010]).
Plaintiff also does not state a cause of action for intentional infliction of emotional distress, as defendant's alleged conduct was not "so extreme in degree[] as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Howell v New York Post Co., 81 NY2d 115, 122 [1993] [internal quotation marks omitted]).
However, Supreme Court improvidently exercised its discretion in imposing sanctions on plaintiff and her counsel, as the action "did not constitute the type of frivolous, groundless litigation envisioned by 22 NYCRR 130-1.1[c][1]" (LaRussa v LaRussa, 232 AD2d 297, 298 [1st Dept 1996]). Furthermore, plaintiff's conduct was not rendered frivolous merely because the weight of authority appeared to favor defendant or because plaintiff's novel claims were unlikely to succeed (id.). Nor is it apparent from this record that the lawsuit was undertaken primarily to harass or maliciously injure defendant (22 NYCRR 130-1.1[c][2]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024