■ ABRAHAM HIRSCHFELD, Appellant, v DAILY NEWS, L.P., et al., Respondents. [703 NYS2d 123] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 27, 1999, which, in an action for defamation, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered October 28, 1998 and November 13, 1998, which directed defense counsel to submit for signing an order authorizing an inquiry as to whether a Grand Jury was convened to investigate plaintiff's alleged involvement in a murder-for-hire plot, and authorized defendants to make application to Juanita Bing Newton, Administrative Judge, Supreme Court, Criminal Term, for an order authorizing disclosure only of whether such a Grand Jury investigation was ongoing at the time of the alleged defamation, unanimously

dismissed, without costs, as academic, in view of Justice Newton's subsequent issuance of a Certification that such an investigation was ongoing at such time. Appeal from order, same court (Juanita Bing Newton, J.), entered January 27, 1999, which granted limited disclosure of the existence of such Grand Jury investigation, unanimously dismissed, without costs, as academic in view of the simultaneous issuance of the Certification, and also as untimely. Defendants' motion for sanctions granted, and the matter remanded to Supreme Court for a hearing on the amount of sanctions to be imposed against plaintiff Abraham Hirschfeld personally, such amount to comprise defendants' expenses and attorneys' fees for this appeal and for the sanctions hearing itself.

The IAS Court was correct in dismissing plaintiff's action for defamation because plaintiff cannot raise a triable issue as to the falsity of defendants' factual assertions (*Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 245, *cert denied* 500 US 954). The claim based on the newspaper article published on November 8, 1997 was properly dismissed upon a finding that the central premise of the article was factually true. The article stated that "[t]he Manhattan district attorney's office is investigating millionaire developer Abe Hirschfeld for allegedly plotting to kill a long-time business partner [Mr. Stahl]", and this was confirmed by Justice Newton's Certification that on the day the newspaper article was published, a Grand Jury was hearing and receiving "evidence in connection with allegations that Abraham Hirschfeld may have been involved in a plot to kill Stanley Stahl".

The appeals from the orders authorizing this Certification have been rendered academic by the issuance of the Certification. The appeal from Justice Newton's order is also untimely (CPLR 5513). Were we to reach the merits, we would find that the Certification's limited disclosure of Grand Jury proceedings was appropriate under the circumstances.

Nor can an action for defamation be maintained on the basis of the editorial published on November 25, 1997, which made a passing reference to plaintiff. As the motion court correctly held, the only pure statement of fact regarding plaintiff was the true description of him as "indicted." At the time, plaintiff was under indictment for tax fraud.

Plaintiff's claims of emotional distress were properly dismissed, since they "fall[ ] within the ambit of other traditional tort liability which, in this case, is reflected in plaintiff's causes of action sounding in defamation" (*Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 263). We have considered and rejected plaintiff's other contentions.

Defendants' motion for sanctions should be granted against plaintiff, as this appeal's lack of legal or factual basis should have been apparent to plaintiff from the outset (22 NYCRR 130-1.1 [c]; *Matter of Minister of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411). At the time that he filed this appeal, if not sooner, plaintiff was well aware that he had been indicted both for tax fraud and for criminal solicitation, and that the articles' statements about him were true and non-defamatory. Plaintiff is therefore directed to pay defendants' expenses and attorneys' fees for this appeal, as well as for the hearing at which the amount of sanctions will be determined. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.