■ RONALD J. SCALISE et al., Appellants, v HERKIMER, FULTON, HAMILTON AND OTSEGO COUNTY BOCES et al., Respondents. (Appeal No. 1.) [791 NYS2d 786]—

Appeal from an order and judgment (one paper) of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered May 23, 2003. The order and judgment granted the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced the action at issue in appeal No. 1 seeking damages for injury to reputation arising from allegedly defamatory statements made by defendants concerning a building owned by plaintiffs and operated as an alternative high school by defendant Herkimer, Fulton, Hamilton and Otsego County BOCES from 1997 to 2002. We conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint in that action. Plaintiffs failed to set forth in the complaint "the particular words complained of," as required by CPLR 3016 (a). "[M]erely paraphrasing the statements," notwithstanding the use of quotation marks to suggest a quotation where none in fact exists, warrants dismissal of the defamation action (*American Preferred Prescription v Health Mgt.*, 252 AD2d 414, 420 [1998]). In any event, we further conclude that defendants' motion was properly granted because the allegedly defamatory statements were made in the performance of official duties and in good faith and thus are entitled to a qualified privilege (*see Stukuls v State of New York*, 42 NY2d 272, 278-279 [1977]), and plaintiffs failed to raise an issue of fact concerning whether the statements were motivated by actual malice (*see Ferraro v Finger Lakes Racing Assn.*, 182 AD2d 1072, 1072-1073 [1992]).

While the action at issue in appeal No. 1 was pending, plaintiffs commenced the action at issue in appeal No. 2 seeking damages for injury to property and lost rental income. Plaintiffs alleged therein that defendants breached the terms of the lease by willfully allowing the building to deteriorate and refusing to make appropriate and necessary repairs. We conclude that the court erred in denying that part of plaintiffs' motion in the second action seeking dismissal of the affirmative defense of res judicata and further erred in granting defendants' cross motion for summary judgment dismissing the complaint as barred by res judicata. "This State has adopted the transactional analysis approach [with respect to the doctrine of res judicata and thus,] . . . once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193 [1981], *rearg denied* 55 NY2d 878 [1982]; *see also Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347-348 [1999]). We conclude that the lease transactions that form the basis for the second action are not the same as the alleged instances of defamation that formed the basis for the first action. We thus reverse the order and judgment in appeal No. 2, deny defendants' cross motion, reinstate the complaint, grant plaintiffs' motion

in part and dismiss the fourth affirmative defense. Present—
Scudder, J.P., Kehoe, Gorski, Martoche and Smith, JJ.