■ PAUL S. MAYO, Respondent, v LYNN GROTTHENTHALER, Appellant. [808 NYS2d 801]—

Cardona, P.J. Appeal from an order of the Supreme Court (Mulvey, J.), entered April 6, 2005 in Chemung County, which held defendant's motion to dismiss the complaint and/or for summary judgment dismissing the complaint in abeyance pending further discovery.

In his capacity as a Labor Relations Specialist with New York State United Teachers, plaintiff represented the Elmira Teachers' Association in a variety of labor matters, including negotiations with the Elmira City School District. In March 2003, the Association resolved to have plaintiff removed as its representative on the ground that he had become an ineffective advocate due, at least in part, to his personal relationships with District officials. As a result, plaintiff was replaced as the Association's Labor Relations Specialist and retired shortly thereafter.

Plaintiff commenced this defamation action against, among others, defendant, a member of the Association.* The complaint alleged that defendant publicly stated on various occasions that plaintiff was involved in a sexual relationship with the Superintendent of the District. Following some discovery, defendant moved for dismissal of the complaint on various grounds pursuant to CPLR 3211 and/or 3212. Finding that depositions of certain nonparties might provide information relevant to the prosecution of plaintiff's action, Supreme Court declined to rule on the motion, holding it in abeyance pending completion of that discovery (*see* CPLR 3211 [d]; 3212 [f]). Defendant appeals and we affirm.

---

* The complaint originally listed a second Association member as a defendant, but the action was discontinued as to him during the pendency of this appeal.

CPLR 3211 (d) and 3212 (f) each permit a court to hold an accelerated judgment motion in abeyance pending further discovery (*see Green v Covington*, 299 AD2d 636, 637 [2002]; *Scofield v Trustees of Union Coll. in Town of Schenectady*, 267 AD2d 651, 652 [1999]; *Herzog v Town of Thompson*, 216 AD2d 801, 803-804 [1995]; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:49, C3212:33). Mindful that the decision to grant further disclosure pursuant to CPLR 3211 (d) or 3212 (f) is largely a matter left to the broad discretion of the trial court (*see Svoboda v Our Lady of Lourdes Mem. Hosp., Inc.*, 20 AD3d 805, 806 [2005]; *Herzog v Town of Thompson, supra* at 803), and in light of the fact that the requested depositions may reveal information which give rise to questions of fact concerning certain of the defenses raised in defendant's motion, we cannot conclude that Supreme Court erred in holding the motion in abeyance pending further discovery.

Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, with costs.