■ WILLIAM KEELER, Respondent, v GALAXY COMMUNICATIONS, LP, Appellant. [834 NYS2d 411]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered June 12, 2006. The order, insofar as appealed from, denied defendant's motion to dismiss the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, defendant's motion is granted and the complaint is dismissed, and in the exercise of discretion plaintiff is granted leave to replead.

Memorandum: Plaintiff commenced this action to recover damages for injury to his reputation arising from allegedly defamatory statements made during one of defendant's radio broadcasts. The complaint alleged that the broadcast by defendant "consisted of information that accused the plaintiff herein of selling 'porn door to door' " and further "accused the plaintiff herein of 'peddling porn'." We conclude that Supreme Court erred in denying defendant's motion to dismiss the complaint based on plaintiff's failure to set forth in the complaint "the particular words complained of," as required by CPLR 3016 (a). The quoted language in the complaint, i.e., "porn door to door" and "peddling porn," are mere phrases and thus by implication cannot be the "exact words" in their entirety allegedly uttered by defendant (*Gardner v Alexander Rent-A-Car*, 28 AD2d 667 [1967]). Rather, those phrases are only a portion of the particular defamatory words and thus are not in compliance with CPLR 3016 (a) (*see id.*). Further, the qualifying language "consisted of" in the complaint indicates impermissible paraphrasing on the part of plaintiff (*see Scalise v Herkimer, Fulton, Hamilton & Otsego County BOCES*, 16 AD3d 1059, 1060 [2005]; *Gardner*, 28 AD2d 667 [1967]). However, because there may be a basis for a cause of action for libel against defendant, we grant plaintiff leave to replead in the exercise of our discretion (*see Summers v County of Monroe*, 147 AD2d 949, 951 [1989], *appeal dismissed* 74 NY2d 735 [1989]).

In light of our determination, we need not consider defendant's remaining contentions. Present—Gorski, J.P., Martoche, Centra, Lunn and Green, JJ.