■ MASSA CONSTRUCTION, INC., Appellant, v GEORGE M. BUNK, P.E., P.C., et al., Respondents. [891 NYS2d 836]—

Memorandum: Plaintiff commenced this action alleging that defendants tortiously interfered with its agreement with the New York State Thruway Authority and made defamatory statements concerning both plaintiff's competence to perform and actual performance of the agreement, thereby damaging plaintiff's reputation. We conclude that Supreme Court properly granted that part of defendants' motion for summary judgment dismissing the defamation cause of action in the amended complaint based on plaintiff's failure to comply with the pleading requirements set forth in CPLR 3016 (a), i.e., plaintiff's failure to set forth in the amended complaint the time, place and manner of the allegedly defamatory communications (*see Dillon v City of New York*, 261 AD2d 34, 40 [1999]). " '[M]erely paraphrasing [the allegedly defamatory] statements' " and failing to include the entire statement or publication requires dismissal of that cause of action (*Scalise v Herkimer, Fulton, Hamilton & Otsego County BOCES*, 16 AD3d 1059, 1060 [2005]; *see Keeler v Galaxy Communications, LP*, 39 AD3d 1202 [2007]).

We agree with plaintiff, however, that the court erred in grant-

ing that part of defendants' motion for summary judgment dismissing the cause of action for tortious interference with contract. Although defendants met their initial burden, plaintiff raised triable issues of fact whether defendants acted in bad faith and committed "independent torts or predatory acts directed at" plaintiff for their own pecuniary gain (*BIB Constr. Co. v City of Poughkeepsie*, 204 AD2d 947, 948 [1994]; *cf. First Am. Commercial Bancorp, Inc. v Saatchi & Saatchi Rowland, Inc.*, 55 AD3d 1264, 1266-1267 [2008], *lv denied in part and dismissed in part* 12 NY3d 829 [2009]). We therefore modify the judgment accordingly. Present—Hurlbutt, J.P., Peradotto, Carni, Pine and Gorski, JJ.