■ In the Matter of KAREN MATSEOANE, Deceased. KAREN MATSEOANE, Respondent, v SUBTLE ENGINEERING COMPANY, Appellant. [974 NYS2d 357]—

Order, Surrogate's Court, New York County (Kristin Booth

Glen, S.), entered October 18, 2012, which granted petitioner's motion for summary judgment, dismissed the objections, and awarded sanctions against objectant, consisting of reimbursement of petitioner's attorneys' fees and costs, and $2,500 against appellant's attorney, payable to the Lawyer's Fund for Client Protection, unanimously affirmed, with costs.

Objectant was a judgment creditor of the decedent, whose judgment was discharged in bankruptcy prior to the decedent's death, based on objectant's failure to prosecute the adversary proceeding he had commenced in the Bankruptcy Court. Objectant then filed a petition in Surrogate's Court for the appointment of an administrator of the estate of the decedent, and represented to the Surrogate that this was necessary in order for the Bankruptcy Court to accept its motion to vacate the dismissal of its adversary proceeding. However, after petitioner was appointed administrator of the decedent's estate, objectant and its counsel continued to litigate in Surrogate's Court for two years, without filing the motion in Bankruptcy Court. Moreover, in response to a question from the Surrogate, objectant's attorney denied that objectant's judgment had been discharged, although he had received a copy of the order dismissing the adversary proceeding brought in Bankruptcy Court.

The court properly granted summary judgment to petitioner and dismissed the objections. Objectant lacked standing to pursue its claim against the decedent's estate in Surrogate's Court, since it was neither a creditor nor a "person interested," pursuant to SCPA 103 (11) and (39), in that it had no entitlement to any share of the estate based on the discharged judgment, or as a beneficiary. Moreover, the discharge of objectant's judgment in the bankruptcy proceeding voided the judgment, and operated as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect or offset such debt (see 11 USC § 524 [a] [1], [2]).

The record is bereft of evidence that objectant sought to return to Bankruptcy Court to vacate the dismissal of its adversary proceeding after the administrator was appointed, or that it advised the Surrogate that it had changed strategy and now wished to pursue the discharged claim in Surrogate's Court. Objectant and its counsel's conduct in relentlessly attempting to collect on the judgment they knew had been discharged, and their material misstatements to the Surrogate concerning the status of the judgment and their intention to move in the Bankruptcy Court, were frivolous, and merited the sanctions imposed (see 22 NYCRR 130-1.1 [a]).

Objectant and its counsel fail to explain why they never

returned to Bankruptcy Court to seek reinstatement of the claim, but, instead, pursued the aforementioned frivolous course of conduct in Surrogate's Court (*see Hirschfeld v Daily News*, 269 AD2d 248, 250 [1st Dept 2000]; *Levy v Carol Mgt. Corp.*, 260 AD2d 27, 34-35 [1st Dept 1999]). Petitioner's request for sanctions in connection with the instant appeal is denied. Concur—Tom, J.P., Andrias, Saxe, Freedman and Richter, JJ.