ALCOR LIFE EXTENSION FOUNDATION, Appellant, v LARRY JOHNSON, Defendant, and VANGUARD PRESS, INC., et al., Respondents. [24 NYS3d 629]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 6, 2014, which granted defendants Vanguard Press, Inc.'s and Scott Baldyga's motions for summary judgment dismissing the complaint as against them, unanimously affirmed, with costs.

As the motion court found, all the allegedly false and defamatory statements in the book written by defendant Baldyga and published by defendant Vanguard are related to plaintiff's cryogenic business, which plaintiff publicized, and, therefore, all of those statements are subject to the actual malice standard of proof in a libel action (*see James v Gannett Co.*, 40 NY2d 415, 421 [1976]). Vanguard and Baldyga established prima facie that neither of them published the book with knowledge that the statements were false or with reckless disregard of whether or not they were false, and plaintiff offered no evidence sufficient to raise an issue of fact (*see Kipper v NYP Holdings Co., Inc.*, 12 NY3d 348, 353-354 [2009]). Plaintiff's affiant had no personal knowledge of the operative events (*see* CPLR 3212 [b]). As to its contention that it needs further discovery, plaintiff failed to demonstrate that facts essential to justify opposition to defendants' motions might exist but could not then be stated (*see* CPLR 3212 [f]). Moreover, the record shows that plaintiff had, and failed to take advantage of, a reasonable opportunity to pursue the disclosure it now seeks.

The cause of action for aiding and abetting a breach of employment contract and certain provisions of a default judgment was correctly dismissed (*see Hirschfeld v Daily News*, 269 AD2d 248, 249 [1st Dept 2000]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Richter and Gische, JJ.