Johnson v IAC/InterActiveCorp (2020 NY Slip Op 00488)





Johnson v IAC/InterActiveCorp


2020 NY Slip Op 00488


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Renwick, J.P., Manzanet-Daniels, Kern, Oing, González, JJ.


155837/14 -10839B 10839A 10839

[*1] Tiffani Johnson, Plaintiff-Appellant,
v
IAC/InterActiveCorp, et al., Defendants-Respondents.


Law Office of Sandra D. Parker, New York (Sandra D. Parker of counsel), for appellant.
Kauff McGuire & Margolis LLP, New York (Michele A. Coyne of counsel), for respondents.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered July 31, 2018, inter alia, dismissing the complaint, and bringing up for review orders, same court and Justice, entered July 26 and 23, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeals from aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The law of the case doctrine did not preclude the court, in the exercise of its discretion, from considering defendants' argument, in support of their summary judgment motion, that relitigation of certain issues is barred by collateral estoppel, notwithstanding that they previously made similar arguments in support of their motion to dismiss on res judicata and collateral estoppel grounds (see generally Martin v City of Cohoes, 37 NY2d 162, 165 [1975]; Friedman v Connecticut Gen. Life Ins. Co., 30 AD3d 349, 349-350 [1st Dept 2006], affd as modified 9 NY3d 105 [2007]).
The motion court correctly held that collateral estoppel applied to issues of fact in this state action that are identical to issues of fact necessarily resolved by the United States District Court for the Southern District of New York in granting summary judgment dismissing plaintiff's federal employment discrimination claims (see Simmons-Grant v Quinn Emanuel Urquhart & Sullivan, LLP, 116 AD3d 134, 140 [1st Dept 2014]; Sanders v Grenadier Realty, Inc., 102 AD3d 460, 461 [1st Dept 2013]). In applying collateral estoppel to such purely factual issues, the motion court properly evaluated plaintiff's claims of discrimination and disparate treatment under the more liberal analysis of the City Human Rights Law (Administrative Code of City of NY § 8—107) and did not conflate it with the federal analysis (Williams v New York City Hous. Auth., 61 AD3d 62 [1st Dept 2009], lv denied 13 NY3d 702 [2009]; see Administrative Code § 8-130). The court cited the applicable "mixed motive standard" under the City HRL (Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 514 [1st Dept 2016], lv denied 28 NY3d 902 [2016]; Williams, 61 AD3d at 78, n 27), and correctly concluded that plaintiff failed to raise a triable issue of discrimination based on the termination of her employment or any disparate treatment.
The motion court correctly concluded that plaintiff failed to raise an issue of fact as to whether defendants' reason for terminating her, namely, defendants' dissatisfaction with her skills as a video editor, and her failure to improve significantly during her final two-week probationary period, was a pretext for discharging her (see Melman v Montefiore, 98 AD3d 107, 113-114 [1st Dept 2012]).
In rejecting plaintiff's claim of disparate treatment based on gender and race, the motion court properly relied on the federal court's findings that the record belied plaintiff's claim of unequal support and feedback compared to the male video editors. The motion court correctly concluded that certain sexual and/or racial content in a photo and some videos shown at meetings [*2]was insufficient to establish disparate treatment, as such content was displayed in the course of the company's creative work on the CollegeHumor website, and the Human Resources Policy Manual that plaintiff received when she was hired cautioned that such potentially offensive content existed on the website and that she may be exposed to it in the course of her work.
To the extent that plaintiff argues that she was unlawfully discharged on account of her gender, the motion court correctly concluded that she cannot establish a prima facie case of gender discrimination because the evidence shows that she was replaced by another woman, not a man (see Kapila v Divney, 269 AD2d 127 [1st Dept 2000]). It is noted that the motion court erroneously deemed plaintiff's admission at her deposition in the federal action, that she was replaced by another woman, conclusive of her City HRL claim. Such an informal judicial admission is "not conclusive in the litigation but is merely evidence of the fact or facts admitted" (GJF Constr., Inc. v Sirius Am. Ins. Co., 89 AD3d 622, 626 [1st Dept 2011] [citations and internal punctuation omitted]). The federal complaint did not refer to plaintiff's replacement by a woman and thus, also was not conclusive of her claim. Nevertheless, other evidence in the record shows that she was replaced by a woman.
The court applied the correct standard under the City HRL in dismissing plaintiff's hostile work environment claim (Williams, 61 AD3d 62, 80; see Hernandez v Kaisman, 103 AD3d 106, 113-115 [1st Dept 2012]).
Plaintiff's retaliation claim, based on defendants' placing her on probation and purportedly fabricating a record of poor work performance, also was properly dismissed. Even assuming that her complaints of unequal treatment amounted to protected activity, she failed to raise any triable issue whether defendants retaliated against her by, inter alia, generating a false record of poor performance in response to her complaints, as she cites no evidence that such extensive, detailed, contemporaneous records were fabricated.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK