Peck v Peck (2020 NY Slip Op 01254)





Peck v Peck


2020 NY Slip Op 01254


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


157281/17 11078N 1617/16 1617A/16 1617B/16 11077

[*1] Ian S. Peck, Plaintiff-Appellant,
v
Liliane Peck, etc., Defendant-Respondent.
In re Probate Proceedings, Will of Norman L. Peck, Deceased.
Liliane Peck, etc., Plaintiff-Respondent,
v
Ian S. Peck, et al., Defendants. Lawrence Ingolia, Proposed Intervenor-Appellant.
Lillian Peck, etc., Plaintiff-Respondent,
v
Ian S. Peck, Defendant. Proposed Intervenor-Appellant.


The Majorie Firm Ltd., New York (Francis B. Marjorie of counsel), for Ian Peck, appellant.
Jaspan Schlesinger LLP, Garden City (Sally M. Donahue of counsel), for Lawrence Ingolia, appellant.
Davis Wright Tremaine LLP, New York (Victor A. Kovner of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about May 25, 2019, which, in the defamation action, granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs. Order, Surrogate's Court, New York County (Nora S. Anderson, S.), entered on or about February 13, 2019, which denied the motion to intervene, unanimously affirmed, with costs.
In the defamation action, Supreme Court correctly concluded that the alleged defamatory statements about plaintiff made by defendant in affidavits in support of her motion for summary judgment in lieu of complaint (CPLR 3213) are not "obviously impertinent" to the judicial [*2]proceedings in which they were made and therefore are absolutely protected by the judicial proceedings privilege (see Sexter & Warmflash, P.C. v Margrabe, 38 AD3d 163, 171-173 [1st Dept 2007]). Nor is this a case in which the underlying lawsuit was a sham action brought solely to defame defendant (see Flomenhaft v Finkelstein, 127 AD3d 634, 638 [1st Dept 2015]).
The Surrogate correctly denied the motion to intervene brought by the property guardian of the infants, since, in the absence of the filing of objections to the probate of the will, the infants are not interested parties who have standing to participate in the probate proceedings. Nor did the Surrogate improvidently exercise her discretion in denying intervention based on any purported inadequately represented interest of the infants in the summary proceedings to recover on the notes.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK