Miller v National Prop. Mgt. Assoc., Inc. (2021 NY Slip Op 00729)





Miller v National Prop. Mgt. Assoc., Inc.


2021 NY Slip Op 00729


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


879 CA 20-00217

[*1]GARY A. MILLER, PLAINTIFF-RESPONDENT,
v
NATIONAL PROPERTY MANAGEMENT ASSOCIATES, INC., KATHBILL PROPERTIES, LLC, DAVEBILL PROPERTIES, MARCIA DORSHEIMER, LUIS CAPUNO AND LINDA SEVERSON, DEFENDANTS-APPELLANTS. 






BOND SCHOENECK & KING, PLLC, BUFFALO (STEPHEN A. SHARKEY OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 


 Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered July 29, 2019. The order denied in part defendants' motion to dismiss plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of defendants' motion seeking to dismiss the third, fourth, fifth, and eighth causes of action in their entirety, to dismiss the sixth cause of action insofar as it alleges breach of contract against defendants National Property Management Associates, Inc., KathBill Properties, LLC, Marcia Dorsheimer, Luis Capuno, and Linda Severson, and to dismiss the claim for punitive damages, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover compensatory and punitive damages for defendants' allegedly wrongful conduct in terminating his employment and evicting him from a work-provided apartment. According to the complaint, defendants National Property Management Associates, Inc., KathBill Properties, LLC, and DaveBill Properties were plaintiff's employers, and the remaining defendants were plaintiff's supervisors. Defendants now appeal from an order that, inter alia, denied certain parts of their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).
With respect to the third cause of action (unlawful retaliation under the Human Rights Law [HRL]), a person must have "engaged in protected activity" in order to recover for unlawful retaliation under the HRL (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 313 [2004]). A "protected activity" consists of "opposing or complaining about unlawful discrimination" (id. [emphasis added]), and "complaining of conduct other than unlawful discrimination . . . is simply not a protected activity subject to a retaliation claim under the [HRL]" (id. at 313 n 11). Here, plaintiff alleges that he engaged in "protected activity" when his attorney sent a letter to one or more defendants about an altercation between plaintiff and a neighbor. We agree with defendants that, as a matter of law, sending the letter did not constitute "protected activity" because the letter did not suggest, much less allege, that anyone had engaged in "unlawful discrimination," i.e., conduct prohibited by the HRL. Rather, the letter argued only that plaintiff had not assaulted anyone. The third cause of action should therefore have been dismissed (see id. at 313; Brunache v MV Transp., Inc., 151 AD3d 1011, 1014 [2d Dept 2017]; Gonzalez v EVG, Inc., 123 AD3d 486, 487 [1st Dept 2014]).
With respect to the fourth cause of action (intentional infliction of emotional distress [IIED]), it is well established that "[t]ort causes of action alleging intentional infliction of emotional distress . . . 'cannot be allowed in circumvention of the unavailability of a tort claim for wrongful discharge or the contract rule against liability for discharge of an at-will employee' " (Rich v CooperVision, Inc., 198 AD2d 860, 861 [4th Dept 1993], quoting Murphy v [*2]American Home Prods. Corp., 58 NY2d 293, 304 [1983]). Here, the fourth cause of action alleges that defendants committed IIED by collectively engaging in various forms of "extreme and outrageous conduct" in order to procure the termination of plaintiff's employment. Such allegations do not state a cause of action for IIED given defendants' roles as plaintiff's employers and supervisors, and the fourth cause of action should therefore have been dismissed (see Doyle v Doyle-Koch Agency, 249 AD2d 357, 357 [2d Dept 1998]).
With respect to the fifth and eighth causes of action (negligent infliction of emotional distress and negligent hiring, training, and supervision, respectively), it is well established that workers' compensation benefits are the "exclusive remedy for . . . injuries allegedly caused by the negligence of [a person's] employer and fellow employee" (O'Dette v Parton, 190 AD2d 1074, 1075 [4th Dept 1993]; see Workers' Compensation Law § 29 [6]). Thus, inasmuch as defendants are plaintiff's employers and fellow employees, his causes of action against them for work-related negligence are barred by the Workers' Compensation Law's exclusivity provision, and the fifth and eighth causes of action should therefore have been dismissed (see Thomas v Northeast Theatre Corp., 51 AD3d 588, 589 [1st Dept 2008]; Martinez v Canteen Vending Servs. Roux Fine Dining Chartwheel, 18 AD3d 274, 275 [1st Dept 2005]).
We agree with defendants that the breach of contract claim in the sixth cause of action should have been dismissed against all defendants except DaveBill Properties (DaveBill) because the lease agreement at issue was made between only plaintiff and DaveBill, and plaintiff has "failed to allege . . . that [any defendant except DaveBill] would be bound by the terms of the agreement to which it was not a party" (Amalgamated Tr. Union Local 1181, AFL-CIO v City of New York, 45 AD3d 788, 790 [2d Dept 2007]; see Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 797 [2d Dept 2011]). Supreme Court, however, properly denied defendants' motion insofar as it sought to dismiss the breach of contract claim against DaveBill on the ground that plaintiff failed to identify the portion of the lease agreement that was allegedly breached; liberally construed in plaintiff's favor, the complaint alleges that the implied warranty of habitability was breached, and defendants make no argument that such a theory fails to state a cause of action against DaveBill under these circumstances (cf. Breytman v Olinville Realty, LLC, 54 AD3d 703, 704 [2d Dept 2008], lv dismissed 12 NY3d 878 [2009]).
Contrary to defendants' further contention, the court properly denied their motion insofar as it sought to dismiss the trespass claim within the sixth cause of action on the ground that such claim is conclusively defeated by paragraph 13 of the lease. On that issue, defendants failed to rebut plaintiff's allegation, which he made in the complaint, that paragraph 13 is illegal and against public policy such that it does not constitute a defense against the trespass claim (see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Liberty Affordable Hous., Inc. v Maple Ct. Apts., 125 AD3d 85, 92 [4th Dept 2015]). To the extent that defendants now contend that paragraph 13 of the lease is valid and enforceable, they do so improperly for the first time on appeal (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Finally, we agree with defendants that the court erred in denying their motion insofar as it sought to strike plaintiff's demand for punitive damages. Punitive damages are not available for the employment discrimination claims in the complaint (see Curto v Zittel's Dairy Farm, 106 AD3d 1482, 1483 [4th Dept 2013]; Harris v Chen, 283 AD2d 976, 976 [4th Dept 2001]). Moreover, the breach of contract claim within the sixth cause of action does not qualify for punitive damages because plaintiff does not allege that DaveBill's alleged breach of contract was " 'aimed at the public generally' " (Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613 [1994]). Nor does the trespass claim within the sixth cause of action qualify for punitive damages given plaintiff's failure to allege any facts that would, if true, demonstrate that the alleged "trespasser acted with actual malice involving an intentional wrongdoing, or that such conduct amounted to a wanton, willful or reckless disregard of plaintiff['s] rights" (Matter of Svenson [Swegan], 133 AD3d 1279, 1280 [4th Dept 2015] [internal quotation marks omitted]).
In light of the foregoing, we modify the order accordingly.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court