Alpine Custom Floors, Inc. v Yurcisin (2022 NY Slip Op 05655)

Alpine Custom Floors, Inc. v Yurcisin

2022 NY Slip Op 05655

Decided on October 11, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 11, 2022

Before: Gische, J.P., Kern, Gesmer, Rodriguez, Pitt, JJ. 

Index No. 155388/20 Appeal No. 16385 Case No. 2022-00228 

[*1]Alpine Custom Floors, Inc. Doing Business as Alpine Disaster Restoration, Plaintiff-Appellant,
v
Daniel Yurcisin, et al., Defendants-Respondents, Tiffany Berger, et al., Defendants.

The Shell Law Firm, PLLC, New York (Martin Shell of counsel), for appellant.
Phillips & Millman, LLP, Stony Point (Anthony Brigandi of counsel), for respondents.

Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered June 24, 2021, which, to the extent appealed from as limited by the briefs, granted defendants Daniel Yurcisin and Lynne Yurcisin's motion for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.
Defendant homeowners entered a contract with nonparty general contractor to perform restoration work to their home. The general contractor retained plaintiff subcontractor to perform services under the contract. Plaintiff claims that it performed work at defendants' home and that, although the general contractor was unlicensed, it should be able to recover from defendants for the value of the services it rendered because it is licensed and because it performed some services for the homeowners at their request.
The motion court correctly granted defendants' motion for summary judgment dismissing the unjust enrichment and quantum meruit claims asserted against them. Defendants submitted evidence demonstrating prima facie that the general contractor was unlicensed and that they did not contract directly with plaintiff for any of the work performed or agree to undertake any obligations to plaintiff (see Kamco Supply Corp. v JMT Bros. Realty, LLC, 98 AD3d 891 [1st Dept 2012]; DL Marble & Granite Inc. v Madison Park Owner, LLC, 105 AD3d 479, 479 [1st Dept 2013]). Plaintiff failed to submit evidence sufficient to raise an issue of fact as to whether the general contractor was licensed or whether plaintiff dealt directly with the homeowners in performing any services for them (see Sears Ready Mix, Ltd. v Lighthouse Mar., Inc., 127 AD3d 845, 846 [2d Dept 2015]). Although plaintiff is entitled to "every reasonable inference" (Negri v Stop & Shop, 65 NY2d 625, 626 [1985]), mere conclusions, expressions of hope or unsubstantiated allegations in its complaint are insufficient to raise an issue of fact (see Empire Room, LLC v Empire State Bldg. Co. LLC, 159 AD3d 648, 649 [1st Dept 2018]). Nor did plaintiff demonstrate that the motion was prematurely granted before discovery since the facts concerning its dealings with the homeowners are within plaintiff's own knowledge and it did not show "that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212[f]; see also Alcor Life Extension Found. v Johnson, 136 AD3d 464 [1st Dept 2016]).
We have considered plaintiff's remaining arguments and find them unavailing.
 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 11, 2022