Gemeaux Ltd. v William Doyle Galleries Inc. (2022 NY Slip Op 06084)

Gemeaux Ltd. v William Doyle Galleries Inc.

2022 NY Slip Op 06084

Decided on November 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 01, 2022

Before: Gische, J.P., Gesmer, Oing, Kennedy, Scarpulla, JJ. 

Index No. 157251/21 Appeal No. 16563-16563A Case No. 2022-00481, 2022-00482 

[*1]Gemeaux Ltd., et al., Plaintiffs-Appellants,
v
William Doyle Galleries Inc., Defendant-Respondent.

Carney & McKay, Garden City (Robert B. McKay of counsel), for appellants.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Jeffrey A. Miller of counsel), for respondent.

Judgment, Supreme Court, New York County (Laurence Love, J.), entered January 13, 2022, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about January 4, 2022, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
Plaintiffs Peggy Nestor and Marianne Nestor Cassini are sisters and principals of plaintiff Gemeaux Ltd., a New York corporation. Decedent Oleg Cassini, the internationally renowned fashion designer, whose estate has been the subject of litigation, was Marianne's husband. Defendant William Doyle Galleries Inc. is a New York corporation which provides appraisal and auction services. In their complaint plaintiffs alleged that defendant did not have plaintiffs' permission to auction a substantial number of items of property owned by them and that it sold their property for amounts significantly below their true value. Plaintiffs sought damages for defendant's alleged conversion of these items.
Defendant established its entitlement to dismissal of the complaint because it presented documents, including a Surrogate Court order and so-ordered stipulation, definitively disproving the claim (CPLR 3211[a][1]; see Blonder & Co., Inc. v Citibank, N.A., 28 AD3d 180, 182 [1st Dept 2006]). Defendant's documents further establish that this action seeks to relitigate issues of fact previously decided in the Surrogate's Court's action, which plaintiffs failed to appeal (see Johnson v IAC/InterActiveCorp, 179 AD3d 551, 552 [1st Dept 2020], lv denied 35 AD3d 912 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 1, 2022