Rosen v Price Chopper (2025 NY Slip Op 03620)

Rosen v Price Chopper

2025 NY Slip Op 03620

Decided on June 12, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 12, 2025

CV-24-1195
[*1]Richard Rosen, Respondent,
v
Price Chopper, Appellant.

Calendar Date:April 30, 2025

Before:Pritzker, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Harter Secrest & Emery LLP, Rochester (Jeffrey J. Calabrese of counsel), for appellant.
Richard Rosen, Highland, respondent pro se.

McShan, J.
Appeal from an order of the Supreme Court (Sharon Graff, J.), entered May 7, 2024 in Ulster County, which denied defendant's motion for summary judgment dismissing the second amended complaint.
From August 2022 until March 2023, plaintiff was employed part time in the deli department at one of defendant's stores in the City of Newburgh, Orange County. In February 2023, plaintiff was suspended while defendant investigated a report that plaintiff had engaged in conduct toward a coworker that had made her uncomfortable. Following the investigation, defendant offered plaintiff the option to transfer to a different department in the store, away from the coworker who was uncomfortable with his actions toward her. Plaintiff refused the option and did not report to work, which defendant interpreted as plaintiff's notice of resignation from his position.
In April 2023, plaintiff, in a self-represented capacity, brought this action alleging claims sounding in defamation and retaliation, amending his complaint on two separate occasions. After joining issue on the second amended complaint, defendant moved for summary judgment dismissing the second amended complaint. Supreme Court ultimately denied defendant's motion, without prejudice, and defendant appeals.
We turn first to plaintiff's claim for defamation, which requires that he establish the existence of "a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se" (Jule v Kiamesha Shores Prop. Owners Assn. Inc., 210 AD3d 1330, 1334 [3d Dept 2022] [internal quotation marks and citations omitted], appeal & lv dismissed 39 NY3d 1124 [2023]; see Radiation Oncology Servs. of Cent. N.Y., P.C. v Our Lady of Lourdes Mem. Hosp., Inc., 221 AD3d 1324, 1332 [3d Dept 2023]). Supreme Court correctly determined that plaintiff failed to identify any defamatory statements in his complaint or his affidavit in support (see CPLR 3016 [a]). Specifically, in his second amended complaint, the sole insinuation by plaintiff as to any words spoken suggests that defendant's agents "acted in a reckless, rash, careless, hasty, and precipitous manner and smeared and defamed" plaintiff during their investigation into the report from his coworker (emphasis omitted). Further, in plaintiff's lengthy affidavit supplementing his complaint, he again fails to set forth any specific defamatory words that were published to a third party (see Jackie's Enters., Inc. v Belleville, 165 AD3d 1567, 1571 [3d Dept 2018]; compare Tsamasiros v Jones, 232 AD3d 816, 818 [2d Dept 2024]). As the requirements of CPLR 3016 are strictly construed, these deficiencies are fatal to his claim (see Oluwo v Mills, 228 AD3d 879, 880 [2d Dept 2024]; Jackie's Enters., Inc. v Belleville, 165 AD3d at 1570). Moreover, although a motion for summary judgment generally cannot be predicated on the mere demonstration [*2]of gaps in the nonmovant's proof (see Howard v A.O. Smith Water Prods., 212 AD3d 924, 924 [3d Dept 2023]), defendant's motion does not rely on the lack of strength of plaintiff's claim as much as the absence of any viable claim. To this end, a party may successfully move for dismissal on summary judgment based upon a complainant's failure to meet the requirements of CPLR 3016 (a) (see Jule v Kiamesha Shores Prop. Owners Assn. Inc., 210 AD3d at 1334; Starr v Akdeniz, 162 AD3d 948, 950 [2d Dept 2018]; CSI Group, LLP v Harper, 153 AD3d 1314, 1320 [2d Dept 2017], lv dismissed 31 NY3d 1061 [2018]), as the commencement of litigation may not be used as a mere tool to search for the existence of a defamatory statement.[FN1] Dismissal was therefore warranted on this basis.
Moreover, even affording plaintiff an extremely liberal construction of his complaint and accompanying affidavit, and ignoring that various purported statements constitute opinions (see Tsamasiros v Jones, 232 AD3d at 818) or the statements of nonparties to the litigation made to defendant as allegations of plaintiff's misconduct (see Alaei v State of New York, 234 AD3d 1027, 1030 [3d Dept 2025]), his claims still must be dismissed. Plaintiff's use of statements taken directly from defendant's submissions in this litigation would be subject to dismissal based on that fact alone (see Peck v Peck, 180 AD3d 558, 559 [1st Dept 2020]; Cullin v Lynch, 113 AD3d 586, 587 [2d Dept 2014]). In any event, defendant met its burden to demonstrate that the statements relied upon by plaintiff which are taken directly from the affidavit of Paul Riley, defendant's Human Resources Business Partner for the store in question, were uttered during the investigation into reported misconduct and subject to the common interest qualified privilege (see DiCoby v Syracuse Univ., 191 AD3d 425, 427 [1st Dept 2021], lv denied 37 NY3d 903 [2021]; Akpinar v Moran, 83 AD3d 458, 459 [1st Dept 2011], lv denied 17 NY3d 707 [2011]; Curren v Carbonic Sys., Inc., 58 AD3d 1104, 1106 [3d Dept 2009]; Scalise v Herkimer, Fulton, Hamilton and Otsego County BOCES, 16 AD3d 1059, 1060 [4th Dept 2005]). Riley's affidavit, which outlines the origins of the investigation and paraphrases certain statements provided to him by plaintiff's fellow employees, including the coworker who made the initial report of misconduct, is sufficient to establish prima facie that any statements made by defendant's agents were made in furtherance of the investigation into the report of misconduct. On his shifted burden, we find that plaintiff's opposition is conclusory, speculative and otherwise "fails to show factual issues exist as to whether the statements were made with the requisite malice to overcome the qualified privilege" (Pogil v KPMG LLP, 228 AD3d 469, 471 [1st Dept 2024]; see Macumber v South New Berlin Lib., 186 AD3d 1864, 1865 [3d Dept 2020]; Cusimano v United Health Servs. Hosps., Inc., 91 AD3d 1149, 1151 [3d Dept 2012], lv denied 19 NY3d 801 [2012[*3]]; Dillon v City of New York, 261 AD2d 34, 40 [1st Dept 1999]; see also Halpin v Banks, 231 AD3d 1337, 1340 [3d Dept 2024]; Reus v ETC Hous. Corp., 203 AD3d 1281, 1286 [3d Dept 2022], lv dismissed 39 NY3d 1059 [2023]).
The same result follows for plaintiff's claim of retaliation. Generally, to establish a claim for retaliation "a complainant must show that he or she engaged in protected activity, that the respondent was aware of this activity, that the respondent took adverse action against the complainant and that a causal connection exists between the protected activity and the adverse action" (Hollandale Apts. & Health Club, LLC v Bonesteel, 173 AD3d 55, 68 [3d Dept 2019]; accord Matter of Cagino v New York State Div. of Human Rights, 217 AD3d 1237, 1240 [3d Dept 2023], lv denied 40 NY3d 909 [2024]). Riley's affidavit supplies a narrative of the investigation into plaintiff's resignation. The investigation was spurred by a coworker's complaints that she was made uncomfortable by plaintiff's frequent giving of unwelcome gifts and an incident where he placed his hand on her back. Riley attested that an internal investigation was commenced which was kept confidential to the fullest possible extent. According to Riley, at the conclusion of the investigation, he offered plaintiff the opportunity to move to another section of the store so that he could remain employed and respect the coworker's wishes to have separation from plaintiff. Riley stated that plaintiff was given two days to consider the offer, which he ultimately declined and refused to report to work. Further submitted in support of defendant's motion is plaintiff's handwritten statement provided in March 2023 in response to the investigation, where he admits to touching his coworker, that he made a "mistake" and that he tends to "overindulge" and "over do" his gestures. Riley also stated that "at no time during the investigation did [plaintiff] file his own complaint regarding harassment or discrimination, and [defendant] has no record of [plaintiff] complaining about harassment or discrimination." This affirmative proof was sufficient to meet defendant's prima facie burden of establishing that plaintiff did not engage in any protected activity and that there was a legitimate nonpretextual reason to investigate plaintiff for his workplace conduct (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305-306 [2004]; Diluglio v Liberty Mut. Group, Inc., 230 AD3d 643, 645-646 [2d Dept 2024]; Reichman v City of New York, 179 AD3d 1115, 1120 [2d Dept 2020], lv denied 36 NY3d 904 [2021]).
Reading plaintiff's opposition liberally, he appears to insist that the protected action in this case was his March 2023 email to defendant, which came after the investigation had already begun. That email, which did not suggest any form of discrimination, does not suffice to establish that plaintiff engaged in protected activity (see Forrest v Jewish Guild for the Blind, 3 NY3d at 313; Kwong v City of New [*4]York, 204 AD3d 442, 445 [1st Dept 2022], lv dismissed 38 NY3d 1174 [2022]; Miller v National Prop. Mgt. Assoc., Inc., 191 AD3d 1341, 1342 [4th Dept 2021]; Crookendale v New York City Health & Hosps. Corp., 175 AD3d 1132, 1132-1133 [1st Dept 2019]). Further, plaintiff's opposition offers no support to determine that defendant's legitimate reasons for initiating the investigation and the cessation of plaintiff's employment were pretext for unlawful discrimination (see Forrest v Jewish Guild for the Blind, 3 NY3d at 313; Johnson v IAC/InterActiveCorp, 179 AD3d 551, 553 [1st Dept 2020], lv denied 35 NY3d 912 [2020]).[FN2] Altogether, we find that defendant's motion for summary judgment should have been granted. Defendant's remaining arguments are rendered academic by our decision and plaintiff's arguments in opposition, to the extent not discussed, have been considered and found unavailing.
Pritzker, J.P., Lynch, Ceresia and Powers, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, defendant's motion for summary judgment granted and second amended complaint dismissed.

Footnotes

Footnote 1: To this point, we reject plaintiff's contention that he is entitled to further discovery. "[T]he onus [is] on plaintiff[ ] to provide some evidentiary basis for [his] claim that further discovery would yield material evidence and also demonstrate how further discovery might reveal material facts in the movant's exclusive knowledge" (Porco v Lifetime Entertainment Servs., LLC, 195 AD3d 1335, 1336 [3d Dept 2021] [internal quotation marks and citations omitted]). Plaintiff's submissions in opposition to defendant's motion fail to meet that burden and we discern no indication that further discovery will lead to information concerning relevant issues in this case (see id. at 1336-1337; Alcor Life Extension Found. v Johnson, 136 AD3d 464, 464 [1st Dept 2016]; Phelan v Huntington Tri-Vil. Little League, Inc., 57 AD3d 503, 505 [2d Dept 2008]; compare Mayo v Grotthenthaler, 25 AD3d 998, 999 [3d Dept 2006]).

Footnote 2: To the extent that plaintiff relies on the offer to transfer to a different section of the store, which he acknowledges did occur, that does not constitute an adverse action (see Cubelo v City of New York, 168 AD3d 637, 638 [1st Dept 2019]).